UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM CONEY,

    Plaintiff,

    v.

LVMPD MICHAEL LOZO, et al.,

    Defendants.

Case No.  2:24-cv-00685-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff's complete application to proceed *in forma pauperis* ("IFP") and Civil Rights Complaint.  ECF Nos. 1-1, 14.  Plaintiff's IFP application is granted and the Court proceeds to screening the Complaint under 28 U.S.C. § 1915(e)(2).

**I.    Screening the Complaint**

In its review of the Complaint, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fails to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  In making this determination, the court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff.  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Discussion

A.    <u>Plaintiff's Complaint</u>.

Plaintiff alleges a number of Las Vegas Metropolitan Police Department ("Metro" or "LVMPD") officers arrested him without probable cause, and using excessive force, on July 15, 2022. Plaintiff alleges that after attempting to get medical treatment, officers and or the LVMPD submitted false reports to the District Attorney in order to have Plaintiff charged with resisting arrest. Plaintiff contends, without supporting details, that after he was found not guilty of resisting arrest, he was rearrested in violation of the Double Jeopardy clause of the Fifth Amendment. Finally, Plaintiff asserts a false arrest claim and violations of his equal protection and due process rights

1    against LVMPD.

2        B.    Plaintiff's Arrest Allegedly Made Without Probable Cause.

3        The Fourth Amendment prohibits arrests without probable cause. *Beck v. State of Ohio*, 379

4    U.S. 89, 91 (1964).  To state a valid claim for false arrest, a plaintiff "must plead facts that would

5    show [defendant] ordered or otherwise procured the arrest[] and the arrest[] w[as] … without

6    probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012).  Probable cause

7    exists when an officer has "a reasonable belief ... that a crime has been, is being, or is about to be

8    committed." *Hopkins v. City of Sierra Vista, Ariz.*, 931 F.2d 524, 527 (9th Cir.1991) (internal

9    quotation marks omitted).  Here, Plaintiff fails to allege facts that support his conclusion that he was

10   arrested without probable cause, let alone facts that support a probable inference that he was in fact

11   arrested without probable cause.  All Plaintiff states is that he was standing on a street corner waiting

12   for a light when a Metro Officer approached him and, after various events discussed below regarding

13   excessive force, he was subsequently arrested.  The facts as alleged are insufficient to establish a

14   claim that officers who made the arrest lacked a reasonable belief Plaintiff had committed or was

15   about to commit a crime.  Nonetheless, Plaintiff may be able to cure his insufficient factual

16   allegations through an amended complaint, which opportunity is granted below.

17       C.    Plaintiff's Fourth Amendment Excessive Force Claim.

18       The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches

19   and seizures." U.S. Const. amend. IV.  The "reasonableness" of a particular seizure, including an

20   arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*

21   *v. Connor*, 490 U.S. 386, 395 (1989) (internal citations omitted) (emphasis in original).  The relevant

22   inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and

23   circumstances confronting them." *Id*. at 397.  In determining the reasonableness of a seizure effected

24   by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth

25   Amendment interests against the countervailing government interests at stake." *Miller v. Clark*

26   *Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted).  Courts

27   evaluate the strength of the government's interest in using force—deadly or otherwise—by

28

examining three nonexclusive "*Graham* factors": (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation marks omitted). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). These factors are not exclusive. *Id*. Instead, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted). For example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (internal quotation marks omitted).

Plaintiff contends that Officer A. Mariscal approached him while he waited for a traffic light, told Plaintiff to lay face down on the ground, handcuffed him, and "[t]hen numerous LVMPD patrol cars arrived" with "at least 15 to 20 LVMPD officers" attacking him while he was on the ground. ECF No. 1-1 at 5. Plaintiff says there was "no provocation" for Metro's conduct. *Id*. Plaintiff also alleges "each officer named or unnamed is being sued in his/her personal capacity" for this wrongdoing.

Plaintiff's allegations, while slim, assert enough facts to state a facial Fourth Amendment violation under *Graham*. However, other than identifying Officer Mariscal, Plaintiff asserts no facts demonstrating wrongful conduct by any identified officer supposedly involved in the use of excessive force. Plaintiff sues DOES 1-20, and says PO J. Brandon, PO E. Chambray, CO J. Morian, CO H. Thomas, and CO N. Whipple are "known as a result of investigations ...," but Plaintiff says nothing about what any of these (or other) individuals did or failed to do. Plaintiff does not say Officer Mariscal participated in the stomping, kicking or beating, and he provides no other name, or DOE Defendant, who supposedly engaged in excessive force. Instead, Plaintiff makes a broad allegation of excessive force without stating a single Defendant participated in the conduct alleged. ECF No. 1-1 at 2. Plaintiff has not stated a claim of excessive force against any identified Defendant.

1   Plaintiff's failure to allege facts tying identified (whether by name or as DOES) Defendants

2   to the use of excessive force precludes this claim from proceeding at this time.  However, the Court

3   grants Plaintiff leave to amend this claim so that he may more clearly identify officers by name or

4   conduct that engaged in excessive force.  To the extent Plaintiff can only identify officers as DOES

5   defendants, he must still tie wrongful conduct to Defendants so that as officers become identified

6   and named in the amended complaint such individuals are able to defend against Plaintiff's claim.

7           D.    Plaintiff's False Arrest Report Claim, Equal Protection, and Due Process Claims.

8                 1.    False Arrest Report.

9           A review of the facts asserted suggest Plaintiff seeks to bring a malicious prosecution claim

10  under 42 U.S.C. § 1983.  As explained in *Gordon v. Perris Police Station*, a plaintiff may state a

11  malicious prosecution claim against an officer who submits a false report "set[ting] in motion a chain

12  of events that foreseeably resulted in his criminal prosecution." Case No. EDCV 18-315-RGK

13  (AGR), 2019 WL 3021465, at *6 (C.D. June 14, 2019) *citing Macias v. Cleaver*, No. 1:13-cv-01819-

14  BAM, 2016 WL 3553274, at *4 (E.D. Cal. June 30, 2016).  *See also Blankenhorn v. City of Orange*,

15  485 F.3d 463, 482 (9th Cir. 2007) (police officer who maliciously or recklessly makes false reports

16  to prosecutor may be held liable for damages incurred as proximate result of those report).  More

17  specifically, to state a claim under 42 U.S.C. § 1983 based on an allegedly malicious prosecution,

18  the plaintiff must allege the defendants prosecuted him with malice and without probable cause for

19  the purpose of denying him equal protection or another specific constitutional right.  *Awabdy v. City*

20  *of Adelanto*, 368 F.3d 1062, 1066–68 (9th Cir. 2004); *Freeman v. City of Santa Ana*, 68 F.3d 1180,

21  1189 (9th Cir. 1995); *Usher v. City of Los Angeles*, 828 F.2d 556, 561–62 (9th Cir. 1987).[1]

22          Here, Plaintiff asserts that "LVMPD tried to falsely charge me with 'resisting arrest' to cover

23  for assaulting me," and that he was ultimately acquitted after his counsel obtained various videos.

24  ECF No. 1-1 at 5-6.  These facts are insufficient on their face to state a § 1983 malicious prosecution

25  claim against any individual Defendant.

26  _____

27  [1]    Although Plaintiff refers to due process, there is no substantive right under the due process clause of the Fourteenth Amendment to be free from criminal arrest or prosecution without probable cause.  *Albright v. Oliver,* 510 U.S. 266, 268 (1994) (plurality).

28

First, to the extent Plaintiff seeks to hold LVMPD liable for constitutional violations under Section 1983, he cannot do so arguing respondeat superior. Instead, Plaintiff must allege that his constitutional rights were violated pursuant to LVMPD's custom, practice, or policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986) (providing that claims for municipal liability under Section 1983 can be "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.") (internal citation omitted). Such a claim requires a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc). An "act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation omitted). Plaintiff identifies no policy, practice or custom adopted by LVMPD that is causally linked to a constitutional harm. Thus, Plaintiff has not stated a claim against LVMPD.

Second, Plaintiff fails to identify which individual Defendant or Defendants submitted a false report for purposes of setting in motion a criminal prosecution. Plaintiff makes general and conclusory statements to this effect, but in the absence of the identity of a single Defendant who supposedly engaged in such conduct, it is impossible for the Defendants (or any one of them) to defend against this claim.

Because Plaintiff's claim regarding the submission of a false police report is capable of cure through amendment, the Court grants Plaintiff one opportunity to amend his claim.

2.    *Equal Protection*.

Plaintiff titles his last claim as one arising under "Equal Protections of Law/Due Process." Plaintiff says the "Clark County Commissioner employs the Chief of Police and his LVMPD subordinates" who acted "as derelict, absentee landlords" that "preyed upon Plaintiff"; however, Plaintiff identifies no policy, custom or practice that is tied to an alleged violation of Plaintiff's

constitutional rights. ECF No. 1-1 at 7.   As explained above Plaintiff cannot state a claim against LVMPD based on his conclusory allegation.

To the extent Plaintiff seeks to assert his rights under the Equal Protection Clause were violated, he also fails to state a claim.  To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an "intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).  That is, a plaintiff must show that the defendant acted in a "discriminatory manner" and that the discrimination was "intentional." *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948 (9th Cir. 2003).  "Intentional discrimination" means that a defendant acted "at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).  Plaintiff fails to allege sufficient facts to establish the conduct of any individual Defendant was intended or purposely directed toward him because of his race other than stating a conclusion; that is, Defendants "set in motion a culture and policy of racial discrimination." ECF No. 1-1 at 7.  This conclusory sentence does not establish a factual basis for a § 1983 Equal Protection claim.  *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### 3.    Due Process.

Finally, Plaintiff also identifies "due process" as a basis for his third claim for relief. However, Plaintiff offers no facts tying some specific conduct to a violation of his substantive or procedural due process rights other than the averments made to support his Equal Protection Clause claim.  To state a claim under § 1983 for violation of substantive due process, "a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998).  "[O]nly the most egregious official conduct" establishes a substantive due process violation." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  To state a § 1983 claim for lack of procedural due process, a plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Even liberally construed, the Court finds Plaintiff's allegations insufficient to support either due

1  process claim.

2      The Fourth Amendment was drafted to address the matter of pretrial deprivations of liberty,

3  holding that claims arising out of arrest and prosecution lacking in probable cause must be brought

4  under the Fourth Amendment and not as substantive due process claim.  *Albright*, 510 U.S. at 273–

5  74.  Moreover, Plaintiff alleges facts demonstrate he was appointed counsel who obtained evidence

6  resulting in his acquittal.  This suggests Plaintiff received full procedural due process.

7      In sum, Plaintiff does not identify conduct or actions he ties to a substantive or procedural

8  due process claim and, thus, has not sufficiently stated the claim in his Complaint.  However, because

9  Plaintiff may be able to cure the deficiency of his claims for malicious prosecution—false report,

10  equal protection, and due process, leave to amend to state claims each of these claims, whether

11  against individual defendants or the LVMPD, is granted.

12      E.    Double Jeopardy.

13      Plaintiff attempts to allege a Fifth Amendment Double Jeopardy claim.  ECF No. 1-1 at 6.

14  "The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the

15  same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3)

16  multiple punishments for the same offense."  *United States v. Chick*, 61 F.3d 682, 686 (9th Cir.

17  1995) (quoting *United States v. Harper*, 490 U.S. 435, 440 (1989)).  The Double Jeopardy Clause

18  guarantees not only protection from multiple convictions and punishment but also the right not to be

19  "twice put to trial for the same offense." *Abney v. United States*, 431 U.S. 651, 660 (1977).  Plaintiff

20  raises a single conclusory allegation in support of his double jeopardy claim stating he was "found

21  not guilty, and the case was dismissed" after which he was "rearrested and recharged under double

22  jeopardy several times after that."  ECF No. 1-1 at 6.

23      These allegations are insufficient to establish Plaintiff was prosecuted for the same offense

24  after his acquittal or conviction, or that he was punished multiple times for the same offense.

25  Accordingly, Plaintiff fails to state a claim under the Fifth Amendment Double Jeopardy Clause.

- 8 -

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice.  Plaintiff is granted leave to amend the following:

1.    Violations of the Fourth Amendment based on an alleged arrest without probable cause and the use of excessive use of force;

2.    Plaintiff's false arrest report/malicious prosecution claim under § 1983 against Las Vegas Metropolitan Police Department and or individual Defendants;

3.    Plaintiff's claims against Las Vegas Metropolitan Police Department and/or individual Defendants based on violations of Equal Protection and Due Process; provided, however that Plaintiff may not reassert that his arrest and/or prosecution lacking in probable cause was the cause of his due process claim; and

4.    Plaintiff's Double Jeopardy claim.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so **no later than March 25, 2025**.  The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert must be stated in the amended complaint.

IT IS FURTHER ORDERED that failure to file an amended complaint in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

Dated this 27th day of February, 2025.


_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

- 9 -