UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM CONEY, | Case No. 2:24-cv-00685-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| LVMPD MICHAEL LOZO, et al. | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint ("FAC") (ECF No. 17), which he mistitles as his Second Amended Complaint.[1] The Court screens the FAC and finds as follows.

I.  **Procedural History**

Plaintiff, now an inmate in the Nevada Department of Corrections ("NDOC"), initiated this action on April 1, 2024 alleging claims against what appears to be two named Las Vegas Metropolitan Police Department ("LVMPD") officers (Michael Lozo and A. Mariscal), twenty John Doe LVMPD officers, two defendants whose positions are unclear (Brandon and Chambray), and three correctional officers (Morian, Thomas, and Whipple). *Coney II*, ECF No. 1-1. The original Complaint asserted a Fourth Amendment violation arising from Plaintiff's July 15, 2022 arrest, a First Amendment violation arising from alleged retaliation in response to Plaintiff seeking medical care, a possible Fifth Amendment violation of the double jeopardy clause, a "citizen's complaint … in civil court," and a Fourteenth Amendment violation arising from an alleged conspiracy to cover up these alleged acts. *Id.* at 5-7.

Prior to filing *Coney II*, Plaintiff filed *Coney v. Lozo et al*, 2:23-cv-01645-CDS-EJY ("*Coney I*") in which he alleged substantially identical claims against the same named LVMPD officers, LVMPD's Sheriff Joe Lombardo ("Lombardo"), the Clark County Commission, and twenty John

---

[1] For reasons that will become apparent from the procedural history below, the instant action (2:24-cv-00685-GMN-EJY) is referred to herein as "*Coney II*."

Doe officers. *See Coney I*, ECF No. 1-1 at 1. The Court issued an Order and Report and Recommendation in *Coney I* recommending dismissal of certain claims with prejudice and ordering others claims dismissed without prejudice. *Coney I*, ECF No. 9. Plaintiff was given through and including April 1, 2024 to file an amended complaint. *Id*. This is the same date on which the Court opened *Coney II*. *Compare id.* at 14 *and Coney II*, ECF No. 1. On the Civil Rights Complaint form that is docketed as Plaintiff's original Complaint in this action (*Coney II*), Plaintiff marked the box for "First Amended Complaint." *Coney II*, ECF No. 1-1 at 1. Unfortunately, and in retrospect, while Plaintiff appears to have intended to file the "First Amended Complaint" in *Coney I*, the document was filed without a case number causing the Court to open a new matter—what is now *Coney II*.

While Plaintiff filed an Objection to the Report and Recommendation in *Coney I*, the case was closed because Plaintiff failed to maintain a current address with the Court. *Coney I*, ECF Nos. 19, 25. After *Coney I* was closed and not recognizing the parallel cases at the time, the Court screened Plaintiff's original Complaint in this matter dismissing that Complaint without prejudice and with leave to amend. ECF No. 16. Plaintiff then filed what is currently before the Court—that is, the FAC (ECF No. 17). However, Plaintiff's FAC in this matter is the third time Plaintiff has, in effect, attempted to state claims based on the same set of facts—once in *Coney I* and for the second time in *Coney II*. Despite pleading opportunities provided after the Court gave Plaintiff instructions regarding how to state his claims, Plaintiff continues to assert no facts that identify Lozo, Mariscal, any of the five other named defendants, or the John Doe Defendants as participating in or responsible for any harm described. ECF No. 17 at 4-6. Rather, Plaintiff only refers to the LVMPD generally without identifying any individual defendant involved in the conduct described to support his claims. *Id*.

**II.     Screening Standard**

In its review of the Complaint, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fails to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,]"

2

fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Discussion

Count 1 of Plaintiff's FAC asserts violations of his Fourth Amendment rights "against excessive force, false arrest, [and] illegal detention." ECF No. 17 at 4. Count 2 asserts retaliation under the First Amendment and what appears to be a Fifth Amendment double jeopardy claim. *Id.* at 5. Count 3 asserts violation of "the right to be free from retaliation, reprisals by government officials" that seems, in part, to overlap with Count 2. *Id.* at 6.

#### A. Plaintiff's Fourth Amendment Claims.

Although Plaintiff's Count 1 is labeled "[R]ight against excessive force, false arrest, [and] illegal detention," the substance of the Count refers only to an excessive force claim. *Id.* at 3-4. Specifically, Plaintiff contends that on July 15, 2022, he was waiting for a traffic light when LVMPD police officers engaged in a "racially motivated attack" by forcing him face down on the hot cement, handcuffing him, and beating him while making racial comments. *Id.* at 3. Plaintiff alleges that named and unnamed LVMPD officers, either participated in these alleged acts or failed to prevent them.[2] *Id.* at 4. Plaintiff alleges he was unable to see all the individual officers involved because he was face down on the cement. *Id.*

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. Excessive force claims are evaluated using a "reasonableness" standard that considers "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The inquiry involves balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003). Courts consider three primary factors when evaluating the government's interest in the use of force: (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673

---

[2] The Court notes that correctional officers (which Plaintiff identifies by using the abbreviation "CO") work in jail or prison facilities and are not on the street making arrests. As explained the LVMPD, corrections officers "maintain inmate supervision and security within the detention facilities operated by the Las Vegas Metropolitan Police Department." *See* www.governmentjobs.com/careers/lvmpd/classspecs/newprint/1037862 (last visited on July 2, 2025).

4

1  F.3d 864, 872 (9th Cir. 2011).  These factors are not exclusive.  *Id*.  Instead, courts "examine the
2  totality of the circumstances and consider whatever specific factors may be appropriate in a
3  particular case."  *Id*. (internal citation and quotation marks omitted).  For example, the "quantum of
4  force" used to arrest a suspect may constitute such a relevant factor.  *Luchtel v. Hagemann*, 623 F.3d
5  975, 980 (9th Cir. 2010) (internal quotation marks omitted).

   Taking the facts pleaded in the FAC as true at this stage of the proceeding, Plaintiff alleges he was engaged in no crime at the moment he was first approached by named and unnamed Defendants and he "did not resist arrest" at any time. ECF No. 17 at 5.  These facts, albeit slim, are sufficient to state a *prima facie* claim of excessive use of force.  Further, although Plaintiff does not identify any officer who engaged in the alleged excessive use of force, the Court liberally construes Plaintiff's allegation that he was "confronted and attacked by the aforementioned officers named and unnamed" to, at a minimum, allege Defendants Lozo and Mariscal participated in the alleged conduct.  *Id.* at 3.  Thus, the Court allows Plaintiff's excessive use of force claim against Lozo and Mariscal to proceed.  The Court also grants Plaintiff specific, limited discovery solely for the purpose of allowing him to potentially identify the Doe Defendants who allegedly participated in his arrest. If Plaintiff is able to identify additional officers he claims were involved in the events underlying the alleged Fourth Amendment violation, Plaintiff may file a request to substitute the names of the identified officers for Doe Defendants.

   B.  <u>Plaintiff's First Amendment Retaliation Claim</u>.

   In Plaintiff's Count 2, he avers that approximately one week after his arrest he was charged with resisting arrest though he was, supposedly, eventually acquitted of this charge and released.  *Id*. at 5. Plaintiff further claims that at some unspecified time after his original release, he was rearrested for the same charge, twice, but released each time "when the court was fully notified of the double jeopardy that ensued."  *Id*.  These allegations do not support a First Amendment retaliation claim.

   As previously explained, a First Amendment retaliation claim requires Plaintiff to plead that: (1) he "was engaged in constitutionally protected activity"; (2) the defendant's actions caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) the "defendant's adverse action was substantially motivated as a response to the

plaintiff's exercise of constitutionally protected conduct." *Mendocino Environmental Center v. Mendocino County,* 192 F.3d 1283, 1300-01 (9th Cir. 1999). *See also* ECF No. 16 at 8. Despite providing this guidance, Plaintiff again fails to state this claim as he pleads no fact demonstrating he engaged in First Amendment protected activity. In the absence of such activity, the LVMPD officers arresting Plaintiff could not have chilled the continued engagement in such activity and the response to Plaintiff's conduct could not have been motivated by protected speech.

Moreover, even liberally construed, Plaintiff does not state a claim in violation of the Fifth Amendment's Double Jeopardy Clause—a claim also explained to Plaintiff in the Court's prior Order. ECF No. 16 at 8. In fact, Plaintiff offers nothing in his FAC other than a single mention of the phrase "double jeopardy." ECF No. 17 at 5.

As discussed above, this is Plaintiff's third opportunity to plead his claims. The Court finds a fourth opportunity to plead First and Fifth Amendment claims is unwarranted as Plaintiff's allegations have not changed over the course of his pleadings. *See Coney I*, ECF No. 1-1 at 4; *Coney II*, ECF No. 1-1 at 6. Thus, the Court recommends dismissing Plaintiff's Count 2 with prejudice.

C.    Plaintiff's Count Three.

Plaintiff does not identify a constitutional provision or source of law for his third claim. Rather, Plaintiff alleges violations of "[t]he right to be free from retaliation, reprisals by government officials." ECF No. 17 at 6. Under this heading, Plaintiff raises vague, fanciful allegations that LVMPD has "used all of its influence to squelch" his story and subjected Plaintiff to "extreme scrutiny and criticism." *Id.* In the middle of the allegations, Plaintiff mentions suffering from blood poisoning arising from a lack of dental treatment. *Id.*

Giving Plaintiff every benefit of the doubt, the Court construe Plaintiff's pleading as attempting to state a deliberate indifference to serious medical needs claim under the Eighth Amendment's prohibition against cruel and unusual punishment. To state this claim, Plaintiff must plead facts demonstrating (1) a deprivation that is objectively, sufficiently serious, and (2) the officials involved were subjectively deliberately indifferent to Plaintiff's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, Plaintiff "must show a serious medical need by demonstrating that failure to

6

treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman,* 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, Plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (internal citation and quotation marks omitted).

Plaintiff's FAC indicates he was generally denied medical care based on disregard and callous neglect for his teeth that resulted in alleged blood poisoning for which he received delayed medical treatment. ECF No. 17 at 6. Plaintiff says he was eventually sent to an intensive care unit in a comatose state as a result of the lack of care. *Id.* However, Plaintiff identifies neither a timeframe nor a single individual who purposely denied him treatment or failed to respond to his reports of medical needs that was prompted by indifference. Moreover, Plaintiff is confined at Southern Desert Correctional Center, *id.* at 1, which is operated by the NDOC, not LVMPD.[3] All of the defendants named by Plaintiff are alleged to be LVMPD officers. Thus, even if the Court liberally construes Plaintiff's Count 3 as an Eighth Amendment deliberate indifference claim, Plaintiff's allegations are against the named and unnamed LVMPD officers all of whom, Plaintiff says, were involved in his arrest, not in medical treatment events once incarcerated.[4]

The Court cannot supply essential elements of the claim that were not initially pleaded. *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Federal Rule of Civil Procedure 8 requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). In the absence of the identification of a single defendant who was involved in Plaintiff's medical treatment or denial of treatment, let alone when or where the events occurred such that there is some fact demonstrating a purposeful act or failure to respond to Plaintiff's pain or medical need caused by the indifference, Plaintiff fails to state an Eighth Amendment deliberate indifference claim.

---

[3] *See Southern Desert Correctional Center,* State of Nevada Department of Corrections (2021), https://doc.nv.gov/facilities/sdcc_facility/.

[4] If Plaintiff claims any of the events underlying his Eighth Amendment claim occurred while incarcerated in an NDOC facility, the individual Defendants would be NDOC, not LVMPD, employees.

7

Although this is Plaintiff's third attempt to plead claims, this is the first time Plaintiff has raised an Eighth Amendment, deliberate indifference to medical care claim. For this reason, the Court grants Plaintiff **one and only one** additional opportunity to file what would effectively be a third amended complaint that includes an Eighth Amendment claim.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's excessive force claim may PROCEED against Defendants Michael Lozo and A. Mariscal. If Plaintiff discovers the identities of the unnamed officers through discovery, he may request permission to substitute the names of the identified defendants for current Doe defendants.

IT IS FURTHER ORDERED that the Court requests that Defendants Lozo and Mariscal waive service of summons and of the First Amended Complaint by executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such Waiver must be filed with the Court no later than 30 days after this Order is issued. If these Defendants choose to return the Waiver of Service of Summons, their responsive pleading will be due within 60 days after the date of this Order.

IT IS FURTHER ORDERED that the Clerk of Court **must** mail in separate envelopes the following documents to the two named Defendants (including Michael Lozo and A. Mariscal) against whom claims may proceed: (1) a copy of Plaintiff's First Amended Complaint (ECF No. 17), (2) a copy of this Order, and (3) the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons form (**attached as Exhibit A**). The address to which these documents must be mailed is:

DEFENDANT's NAME
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

IT IS FURTHER ORDERED that **if** service of process is accepted for Defendants Lozo and Mariscal and **after** an appearance is made by these Defendants, Plaintiff may serve **one interrogatory requesting the names of the officers involved in his July 15, 2022 arrest along with one document request asking for production of his arrest report and any documents**

**attached thereto**. Service means Plaintiff must mail the interrogatory and document request to Defendants' counsel at the address that will appear on the document filed with the Court and with which Defendants will be served.

IT IS FURTHER ORDERED that Plaintiff's Count 3, to the extent Plaintiff seeks to assert an Eighth Amendment deliberate indifference to medical care claim, is dismissed without prejudice and with **one opportunity** to amend. If Plaintiff chooses to file an amended complaint, it **must** be titled "THIRD AMENDED COMPLAINT" and it **must** include factual allegations supporting an Eighth Amendment claim as well as those facts that support the Fourth Amendment claim that is presently allowed to proceed. This is because if Plaintiff files a third amended complaint it supplants—that is, replaces—the complaint screened by this Order such that the prior complaint would effectively cease to exist. The Court will not consider and Plaintiff should not replead his First Amendment Retaliation or Fifth Amendment Double Jeopardy claims.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a third amended complaint he must do so no later than **July 29, 2025**. If Plaintiff chooses not to file a third amended complaint his claim alleging a violation of the Fourth Amendment will proceed.

## V.     Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's First Amendment retaliation and Fifth Amendment double jeopardy claims be DISMISSED with prejudice.

Dated this 3rd day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address

9

and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

# **EXHIBIT A**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CONEY,<br><br>         Plaintiff,<br>v.<br><br>LVMPD MICHAEL LOZO, et al.,<br><br>         Defendants. | Case No. 2:24-cv-00685-GMN-EJY<br><br>**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |

TO:   Defendant
      c/o Las Vegas Metropolitan Police Department
      400 S. Martin Luther King Blvd., Bldg. B
      Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the First Amended Complaint (ECF No. 17) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the United States Marshals Service, Defendant waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to respond to the First Amended Complaint. If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and First Amended Complaint on Defendant and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

Dated: July 3, 2025

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISGRATE JUDGE

12

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and First Amended Complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CONEY, <br><br>    Plaintiff, <br><br>v. <br><br>LVMPD MICHAEL LOZO, et al., <br><br>    Defendants. | Case No. 2:24-cv-00685-GMN-EJY <br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

TO:   The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case. Defendant(s) also received a copy of the First Amended Complaint (ECF No. 17). I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the First Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____;    _____;

_____;    _____;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date: _____    _____
(Signature of the attorney
or unrepresented party)

_____
Printed name
Address
Email Address
Telephone Number